IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCIA MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-59-R |
| | ) |
| MYLISSA HALL, in her | ) |
| individual capacity, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. Doc. No. 13. Plaintiff responded in opposition to the motion. Doc. No. 16. For the following reasons, the Court grants the motion.

## Standard of Review

In considering a motion under Rule 12(b)(6), the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555, 570 (citation omitted). For the purpose of making the dismissal determination, the Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe

the allegations in the light most favorable to the claimant. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

## **Background**

According to the Second Amended Complaint, Doc. No. 11, Plaintiff applied for a position with the Oklahoma City school system as a math teacher at Northeast Academy. *Id.* ¶¶ 4-5. Defendant was the principal of Northeast Academy at the time. *Id.* ¶ 2. Plaintiff had previously been terminated from her position as an assistant principal at Douglass High School. *Id.* ¶ 6. Following her termination, she reported accusations of academic fraud, participated in public protests, and sued the school district. *Id.* Because of this activity, Plaintiff and Angela Monson, the former Chairman of the school board, had a meeting with Defendant to ensure that Plaintiff would be considered for the teaching position at Northeast Academy. *Id.* At the meeting, Plaintiff's activities related to the reports of academic fraud, as well as her lawsuit, were disclosed to Defendant. *Id.* ¶ 7. After her formal interview, Defendant offered the position to Plaintiff and Plaintiff accepted. *Id.* ¶¶ 9-10.

After Plaintiff accepted the offer, Ms. Monson met with Karl Springer, the Superintendent, to advise him that Plaintiff would be hired as a math teacher. *Id.* ¶ 11. Mr. Springer told Ms. Monson that Plaintiff would not be hired, and Defendant was told she could not hire Plaintiff "because of Ms. Muhammad's activities related to Douglass school." *Id.* ¶¶ 11-12. Defendant then withdrew the offer of employment and hired another candidate. *Id.* ¶ 13. Defendant "admitted to Angela Monson that she was going to hire the Plaintiff and the decision to withdraw that recommendation – an action which

2

prevented the Plaintiff from being hired – was done at the instance of one or more officials of the Oklahoma City School system." *Id.* ¶ 18.

Plaintiff asserts that the decision to deny her employment was in retaliation for her reports of academic fraud and statements to the press regarding such fraud in the school system, her public protests, her litigation against the school system, and her appearance as a witness in federal court in a suit against the school system. *Id.* ¶ 14. She brings suit under 42 U.S.C. § 1983 for a violation of her right to free speech under the First Amendment and under Article 2, § 6 of the Oklahoma Constitution for a violation of her right to free speech provided by Article 2, § 22. *Id.* ¶ 16. Plaintiff also brings a claim under 42 U.S.C. § 1985(2), which prohibits conspiring with another to injure someone for being a witness in federal court. *Id.* ¶ 17.

## Analysis

### A. Section 1983

Plaintiff brings a claim under § 1983 for retaliation for engaging in speech protected by the First Amendment. Section 1983 "allows an injured person to seek damages against an individual who has violated his or her federal rights while acting under color of state law." *Cillo v. City of Greenwood Village*, 739 F.3d 451, 459 (10th Cir. 2013). Defendant asserts that because "Plaintiff does not allege that Hall, the only named defendant, acted for any reason but to follow the command of Superintendent Springer, her supervisor," she fails to state a claim under § 1983. Doc. No. 17, at 1-2. In response, Plaintiff contends, "even acquiescence in an unconstitutional act may be a sufficient basis for personal liability." Doc. No. 16, at 3. In support of that contention,

Plaintiff quotes a Tenth Circuit opinion in which the court explains that "all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Id.* at 3-4 (quoting *Reid v. Wren*, No. 94-7122, 94-7123, 94-7124, 1995 U.S. App. LEXIS 14342, at *4-5 (10th Cir. June 8, 1995)). But Plaintiff cites no authority for the proposition that public school principals, like Defendant, have an analogous duty with respect to applicants for employment.

According to the Second Amended Complaint, Mylissa Hall, the only named Defendant, "was told that she could not hire Ms. Muhammad." Pl.'s Second Am. Compl. ¶ 12. Because Defendant could only recommend that Plaintiff be hired, *id.* ¶ 18, and was not the final decision maker in that regard, she was not Plaintiff's employer. In this case, the Court applies the First Amendment retaliation test from *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000). *See Trant v. Oklahoma*, 754 F.3d 1158, 1169 (10th Cir. 2014). Under *Worrell*, Plaintiff must satisfy three elements: "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Id.* (citing *Worrell*, 219 F.3d at 1212).

In *Trant v. Oklahoma*, the Tenth Circuit stated that it has "never held that true subordinate employees may be liable for First Amendment retaliation claims," and that the Fifth Circuit has expressly held that "only final decisionmakers may be liable." 754

4

F.3d at 1170 n.5. But the court did not decide that issue in *Trant* because the plaintiff's claims in that case did not satisfy the *Worrell* test. *Id.* The undersigned reaches the same conclusion here.

Under *Worrell*, Plaintiff must allege that Defendant's actions caused her not to be hired, and that this adverse action was substantially motivated by her constitutionally protected activity. *Id.* at 1169. The Second Amended Complaint lacks facts to support either of these elements in this case. Taking Plaintiff's allegations as true, Defendant, after being informed of Plaintiff's activities, still offered her the position and had her come to school to "check out the teacher's work book and guide to prepare for the teaching assignment." Pl.'s Second Am. Compl. ¶ 10. It was only after Ms. Monson told Mr. Springer and other officials about Plaintiff's hiring that Defendant "was told that she could not hire Ms. Muhammad." *Id.* ¶¶ 11-12.

There is no allegation in the Second Amended Complaint that Defendant in any way influenced Mr. Springer's decision not to hire Plaintiff. Although Plaintiff alleges that Defendant "joined in the retaliatory actions," *id.* ¶ 13, this allegation is conclusory and Plaintiff offers no facts in support of her contention that Defendant acted in retaliation for Plaintiff's activities. Plaintiff even alleges that Defendant "was going to hire the Plaintiff," but at the insistence of "one or more officials of the Oklahoma City School system," she had to withdraw the recommendation. *Id.* ¶ 18. Because she does not allege facts sufficient to support a reasonable inference that Defendant caused Plaintiff not to be hired, or that the withdrawal of her recommendation was substantially

5

motivated by Plaintiff's constitutionally protected activity, Plaintiff fails to state a claim under § 1983 for retaliation under the First Amendment.[1]

### B. Section 1985

Defendant next contends that Plaintiff fails to state a claim under 42 U.S.C. § 1985(2). Doc. No. 13, at 6. Under § 1985(2), it is a violation

> [i]f two or more persons … conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified.

"Section 1985(2) specifically requires the existence of two or more persons who conspire." *Abercrombie v. City of Catoosa, Oklahoma*, 896 F.2d 1228, 1230 (10th Cir. 1990) (internal quotation marks omitted). "A plaintiff must allege, either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants." *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994) (quoting *id.* at 1031) (internal quotation marks omitted). Although two or more persons may have conspired to withdraw Plaintiff's offer of employment, there is no allegation of a meeting of the minds or agreement involving Defendant. Therefore, Plaintiff has failed to state a claim under § 1985(2).

### C. Scope of Employment

Defendant next contends that Plaintiff's claim under Article 2, Section 22 of the Oklahoma Constitution is subject to dismissal under the GTCA. Doc. No. 13, at 7-8. The

---

[1] Because the Court finds that Plaintiff fails to state a claim under § 1983, it does not address Defendant's argument that Defendant is entitled to qualified immunity with regard to that claim. *See* Doc. No. 13, at 14-15.

GTCA provides, in relevant part, "[i]n no instance shall an employee of the state or political subdivision acting within the scope of h[er] employment be named as defendant." OKLA. STAT. ANN. tit. 51, § 163(C) (West). "Scope of employment" means "performance by an employee acting in good faith within the duties of the employee's office or employment." § 152(12). "An employee whose acts are malicious, willful, wanton and in bad faith is not acting in the scope of [her] employment." *Mustain v. Grand River Dam Auth.*, 68 P.3d 991, 999 (Okla. 2003) (footnote omitted). Whether an employee acts within the scope of employment is generally a question of fact, except when only one reasonable conclusion can be drawn. *Tuffy's, Inc. v. City of Oklahoma City*, 212 P.3d 1158, 1163 (Okla. 2009).

Here, there is no allegation supporting Plaintiff's claim that Defendant's withdrawal of her recommendation for Plaintiff's employment was malicious, willful, wanton, or in bad faith. Based on the Second Amended Complaint, Defendant was merely complying with the Superintendent's order. Alleging that Defendant "joined in the retaliatory actions" is insufficient without an additional fact suggesting that she withdrew the offer for any reason other than to comply with an order from her superior. The Court finds that the allegations do not support the conclusion that Defendant was acting in bad faith when she withdrew her recommendation to hire Plaintiff. Therefore, the GTCA requires dismissal of Plaintiff's claim for a violation of Article 2, § 22 of the Oklahoma Constitution.[2]

---

[2] Because the Court finds that the GTCA precludes Plaintiff's claim under Article 2, § 22 of the Oklahoma Constitution, it does not address Defendant's argument that the § 22 claim fails because Plaintiff did not plead compliance with the GTCA. *See* Doc. No. 13, at 13.

**Conclusion**

In accordance with the foregoing, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, Doc. No. 13, is GRANTED.

IT IS SO ORDERED this 6th day of July, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE