## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARCIA MUHAMMAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-15-59-R** |
| | ) | |
| **MYLISSA HALL, in her** | ) | |
| **individual capacity,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Plaintiff's motion for a new trial pursuant to Rule 59, F.R.Civ.P. and/or for relief from the Judgment and Order pursuant to Rule 60(b). By this motion, Plaintiff essentially seeks reconsideration of this Court's Order of July 6, 2015 to the extent the Court dismissed Plaintiff's First Amendment retaliation claim and Plaintiff's 42 U.S.C. § 1985(d) conspiracy claim. In the motion, Plaintiff also asks for leave to amend her Complaint. Plaintiff's motion for a new trial is treated as a motion to alter or amend the judgment pursuant to Rule 59(e), F.R.Civ.P.

A rule 59(e) motion may be granted where it is shown that there has been an intervening change in the law, new evidence previously unavailable, or the need to correct a clear error or to prevent a manifest injustice. *See Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter or amend is not appropriate to reargue an issue previously addressed by the Court. *Id.*. Rule 59(e) motions are "addressed to the sound discretion of the trial court. . . ." *Bickford v. John E. Mitchell Co.*, 595 F.2d 540, 543 (10th Cir. 1979). Rule 60(b) provides grounds for relief from a

final judgment, order, or proceeding under specific extraordinary circumstances such as mistake, inadvertence, newly discovered evidence, or fraud. F.R.Civ.P. 60(b); *Bud Brooks Trucking Co., Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). A motion filed pursuant to Rule 60(b) is also addressed to the sound discretion of the trial court, *Thomas v. Parker*, 609 F.3d 1114 (10th Cir. 2010), but may only be granted in extraordinary circumstances. *Servants of Paraclete v. Does*, 204 F.3d at 1009. Rule 60(b) does not permit a party to re-argue an issue by rehashing facts and arguments already addressed or available, yet neglected, in the original proceeding. *VanSkiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

The Court has carefully reviewed its Order of July 6, 2015 [Doc. No. 18] in light of Plaintiff's argument and authorities and specifically finds that it committed no clear error and that alteration of the Order and Judgment are not necessary to prevent manifest injustice. Furthermore, the Court finds the non-existence of any extraordinary circumstance that would warrant relief under Rule 60(b). Finally, upon review of Plaintiff's proposed Amended Complaint, the Court finds that Plaintiff's motion, to the extent it requests leave to amend, would not cure the deficiencies of Plaintiff's claims but would be futile.

In accordance with the foregoing, Plaintiff's motion for new trial, *i.e.,* motion to alter or amend or to vacate the Order and Judgment of July 6, 2015, as well as Plaintiff's motion for leave to amend her Complaint are DENIED.

IT IS SO ORDERED this 12th day of January, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE